IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ISAAC KELVIN ALLEN | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv296 |
| JOHN B. FOX | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Isaac Kelvin Allen, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner complains of a prison disciplinary conviction regarding incident report 2192106, as well as asserting funds are being improperly withheld from his inmate trust account pursuant to the Inmate Financial Responsibility Program ("IFRP"). The Magisrate Judge concluded petitioner was not denied due process of law in connection with his prison disciplinary conviction. He also concluded petitioner's claim that funds should not be withheld from his inmate trust account, which was based on his assertion that the trial court's restitution order was invalid and erroneous, could not be asserted in a Section 2241 proceeding.

*IFRP*

With respect to petitioner's claim regarding funds being withdrawn from his inmate trust account under the IFRP, the court agrees with the Magistrate Judge's conclusion. This type of claim may not be asserted in a Section 2241 petition.

*Incident Report 2192106*

In the prison disciplinary proceeding regarding incident report 2192106, petitioner was convicted of using email to further criminal activity. Petitioner was accused of participating in a scheme to defraud the State of Massachusetts through identity theft. Following a hearing, he was convicted of the offense with which he was charged. An administrative appeal filed by petitioner was granted based on the determination that the Discipline Hearing Officer's ("DHO") report did not identify how the evidence against petitioner applied to the particular disciplinary code he was accused of violating.

After a rehearing, petitioner was again convicted of the offense with which he was charged. Petitioner complains he was not notified in writing that he had been granted a rehearing, but was instead summoned to his new hearing. When he asked the DHO why a rehearing was being conducted, she only stated it was to recode the offense and refused to explain further. Petitioner states he assumed that his request in his administrative appeal to change the offense with which he was charged had been accepted. He then began to offer a defense as to why he had personal information for other people in his cell and offered his Presentence Report as evidence explaining why he had the information.[1] Petitioner complains that the Bureau of Prisons' ("BOP") rules do not include procedures for conducting a rehearing and asserts it violated due process to order a rehearing just to correct a clerical error, even if the error is fatal to the disciplinary conviction.

As the Magistrate Judge stated, petitioner has provided no authority for his contention that the BOP's regulations regarding rehearings, or the lack of regulations regarding special procedures for rehearings, violated due process, or demonstrated that ordering a rehearing just to correct a clerical error violated due process. Nor has be provided any authority in his objections. As a result, it cannot be concluded that conducting a rehearing regaring incident report 2192106 violated petitioner's right to due process.

---

[1] In his objections, petitioner states it was the DHO who introduced the Presentence Report into evidence. Regardless of how the Report was introduced into evidence, petitioner has provided no authority for the proposition that it was improper to refer to the contents of the Report during the hearing.

Petitioner also complains he did not receive 24 hours notice of his rehearing. The Magistrate Judge stated petitioner was entitled to 24 hours advanced written notice of the charge against him, rather than 24 hours notice of when the disciplinary rehearing would be held. The Magistrate Judge found petitioner had been notified of the charge against prior to his first hearing and, further, that petitioner did not identify any prejudice he suffered as a result of not having 24 hours advance notice of his rehearing.

In his objections, petitioner again complains of not receiving 24 hours notice of the rehearing. However, the court agrees that pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974), petitioner was only entitled to notice of the charge against him at least 24 hours prior to the hearing, not 24 hours notice of when the hearing would be held. Petitioner had 24 hours notice of the charge against him well in advance of when the rehearing was held. The charge against petitioner was not changed between the date the original hearing was held and the date of the rehearing.

Petitioner also states he suffered prejudice as a result of not receiving 24 hours notice of the rehearing because this prevented him from asking in advance of the hearing for permission to have Bruce Canestrata testify on his behalf. In the report concerning the original hearing, the DHO denied petitioner's request to have Mr. Canestra called as a witness because he was involved in the incident and was part of the investigation. The DHO's report for the rehearing does not indicate petitioner attempted to call any witnesses. Petitioner disputes this, stating he asked the DHO to have Mr. Canestra testify at the rehearing, but states the DHO refused the request because it had not been made in advance.

Accepting petitioner's statement as true, petitioner's failure to receive 24 hours notice of the rehearing did permit the DHO to overrule his request for a witness on procedural grounds. However, petitioner has not demonstrated it is likely the DHO would have come to a different determination regarding having Mr. Canestrat testify at the rehearing if petitioner had been able to make his request in advance. Moreover, petitioner admits in his objections that he does not know whether Mr. Canestra would have provided favorable testimony, stating that Mr. Canestra would have been able to either confirm or deny petitioner's contentions. As a result, petitioner has not demonstrated he

suffered prejudice as a result of not receiving 24 hours notice of the rehearing because he has not shown that the failure to receive such notice had a "substantial and injurious effect or influence" on the result of the disciplinary proceeding. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

Finally, petitioner asserts he was improperly denied the opportunity to have Bruce Canestra testify on his behalf at either the hearing or the rehearing. As stated above, in the report concerning the original hearing, the DHO stated Mr. Canestra could not be called because he was involved in the incident and was part of the investigation. The DHO's report for the rehearing does not indicate petitioner attempted to call any witnesses. Petitioner disputes this statement.

As the Magistrate Judge stated, while the Supreme Court recognized in *Wolff* that inmates charged with disciplinary offenses should be able to call witnesses to testify on their behalf, the right is not unlimited as prison officials can refuse a request for a witness if calling the witness would create a risk of reprisal or undermine authority. The Magistrate Judge found that the reason proffered by the DHO at the original hearing for not permitting Mr. Canestra to testify did not violate petitioner's right to due process. As Mr. Canestra was allegedly involved in the same conduct that led to the charge against petitioner, the court agrees with the Magistrate Judge. There is no indication the DHO who conducted the rehearing would have come to a different conclusion if petition had made his request in advance of the rehearing.[2] Further, as stated above, petitioner states in his objections that Mr. Canestra could have either confirmed or denied petitioner's assertion of innocence. As it is not clear that Mr. Canestra would have provided favorable testimony, it cannot be concluded that the failure to permit him to testify resulted in prejudice.[3]

---

[2] Petitioner has submitted documents he states demonstrates Mr. Canestra was determined not to be a participant in the scheme prior to the date on which the evidentiary hearing was held. The documents petitioner submits are not as conclusive as he asserts. As a result, petitioner has failed to demonstrate it is likely the DHO would have permitted Mr. Canestra to testify at the rehearing even if petitioner had made his request in advance.

[3] Petitioner also asserts that documents he was provided in discovery, which were not referred to by the Magistrate Judge, support his contention that he did not participate in the scheme to defraud. Petitioner did not assert insufficiency of the evidence as a ground for review in his petition. Moreover, the DHO's report concerning the rehearing demonstrates there was some evidence of petitioner's guilt. Some evidence of guilt is all that is required to withstand on federal habeas review a challenge to the sufficiency of the evidence in a prison disciplinary proceeding. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983).

*Incident Report 2438429*

In his objections, petitioner complains that the Magistrate Judge for failed to address his contentions regarding his conviction in the disciplinary proceeding regarding incident report 2438429. This incident report was first mentioned in a motion for leave to amend petitioner filed early in this proceeding. In that case, petitioner was convicted of using the telephone for abuses other than criminal activity. He states that because of a fatal error made by the author of the incident report, a reviewing official ordered that the "discipline process begin anew." Petitioner contends this meant that the entire original report was void and that the charging officer was required to rewrite the original report with the error removed. Petitioner contends that because this maneuver is not outlined or authorized in any BOP policy, it is "*ultra vires,*" and violated his right to due process. He contends that as the incident report was rewritten, it was not written within 24 hours after the staff became aware of it, as required by prison regulations.

Again, petitioner has cited no authority for the proposition that beginning the discipline process anew through the use of a rewritten incident report violated his right to due process. The applicable procedural due process protections regarding a prison disciplinary hearing were set forth by the Supreme Court in *Wolff, supra*. Petitioner's complaints regarding the procedures used with respect to incident report 2438429 do not demonstrate that *Wolff* was violated. Further, while petitioner contends the procedures used concerning this incident report violated prison regulations, a violation of prison policies does not constitute a violation of due process or the Constitution. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Finally, petitioner has not shown how the rewriting of the incident report prejudiced his ability to defend against the report or resulted in his being confused as to the nature of the charge against him. As a result, petitioner's challenge to his conviction regarding incident report 2438429 is without merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the

Magistrate Judge.

**SIGNED** this the **19** day of **March, 2018.**

_____
Thad Heartfield
United States District Judge